

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**

ATTORNEY GENERAL

Hon. Bert Ford, Administrator
Texas Liquor Control Board
Austin 1, Texas

Dear Sir:

Opinion No. O-5977

Re: Whether product adver-
tised as capable of mak-
ing wine may be legally
sold under Texas law.

We have your letter reading:

"We are submitting herewith sales material
of Grapesugar Ltd., Burbank, California, which
apparently is circulated to induce prospective
sales agents to distribute a product designated
as 'Grapesugar' for the sole and only purpose of
manufacturing alcoholic beverages.

"The manufacture of any type of alcoholic
beverage is prohibited in Texas except by the
holders of proper permits or licenses obtained
by due process of law. It is apparent that in
marketing 'Grapesugar' the manufacturers advance
it as a substitute for normally manufactured and
marketed alcoholic beverages, and that the sell-
ing program is designed to reach ordinary con-
sumers who are not legally engaged in the sale
of alcoholic beverages. It would appear that
any person engaged in selling this product under
such circumstances is conspiring to violate the
penal laws of Texas.

"After considering the matter, will you kind-
ly advise whether in your opinion the manufactur-
ers of this product and their agents acting with-
in the State of Texas in advancing the sale of
'Grapesugar' for the purpose of manufacturing or

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

fermenting an alcoholic beverage are acting in violation of the State law in soliciting orders for this product from persons who are not the holders of permits privileging the manufacture of alcoholic beverages."

You enclose advertising material making the following claims and representations, among others:

"Dear Sir: THIS IS IT. Cut below shows face of package, actual size.

## G R A P E S U G A R

"This package will ferment, color and flavor TWO GALLONS of fresh fruit juice, dried fruit juice or other sweet liquids. The result is a beverage of 12 to 14 percent alcoholic content with a sparkling clear wine color and excellent flavor.

IMITATION         B U R G U N D Y         FLAVOR

FULL and COMPLETE but very simple and easy DIRECTIONS with a general 'KNOW HOW' will be found inside package.

"Active ingredient, wine grape yeast developed from wine grapes with a mixture of charred saccharose, meal and U. S. Certified color."

"The people everywhere are completely OUT of ALCOHOLIC drinks or very SHORT at sky high prices and hard to get. RIGHT NOW is the time to ACT and secure EXCLUSIVE state or county rights."

"Fine results are produced with fresh fruit juice, juice from boiled dried fruit and sweet liquids such as syrups of most any brand and the markets and stores are full of them. You don't need any sugar as syrups will do just as well. Corn syrup is excellent. Many even report fine results with just half syrup, half water and this product added, left in warm place or at living room temperature. Some use honey in place of syrups. Some add syrup to the fruit juice to increase its sugar content and thus get a beverage

of a higher ALCOHOLIC content up to 14% when the
sugar content is 28% at start of fermentation.
Most brands of syrup contain 50% sugar. COMPLETE
DIRECTIONS AND ALL ANGLES ARE IN EVERY PACKAGE.

"AN 8 OUNCE GLASS OF SUCH A BEVERAGE CON-
TAINING 14% ALCOHOL contains OVER ONE OUNCE OF
ALCOHOL. A one ounce glass of 100 proof whiskey
contains only 1/2 an ounce of alcohol. Thus you
get OVER TWICE as much ALCOHOL in an 8 ounce
glass of such a beverage as you do in one ounce
glass of the strongest whiskey made. THAT IS
WHAT MAKES SALES. That accounts for the demand.
THAT IS WHAT CAN PUT $3,000 A MONTH INTO YOUR
POCKET IF YOU ARE EXPERIENCED AND ACT QUICKLY."

### "D I R E C T I O N S

"SIMPLY PUT CONTENTS OF THIS PACKAGE INTO
ANY LUKE WARM LIQUID TO BE FERMENTED. KEEP IN
WARM PLACE AND IT WILL BE READY FOR USE WITHIN
ONE OR TWO DAYS AFTER FERMENTATION CEASES, THUS
GIVING IT TIME TO CLEAR UP. USE ALL OF THE PACK-
AGE FOR TWO GALLONS OR HALF OF IT FOR ONE GALLON."

There was also enclosed a letter from a represent-
ative of the manufacturer, addressed to a prospective Texas
agent, a part of which we quote:

"We have not as yet closed the Texas ter-
ritory, but the little 3 line ad pulled so many
inquiries that one would think there was not a
drop of alcoholic beverage in Houston or in
Texas."

While we have quoted only a small portion of the
advertising material it is sufficient to indicate clearly
that its purpose is to encourage persons in this State to
manufacture wine. It is only by obtaining a Class A or B
Winery Permit as prescribed by subdivisions 3 and 4 of Sec-

tion 15, Texas Liquor Control Act that such manufacture would
be legal.

The Texas Penal Code contains the following pro-
visions:

"Art. 70. Who is an accomplice. - - An
accomplice is one who is not present at the com-
mission of an offense, but who, before the act
is done, advises, commands or encourages another
to commit the offense; or

". . . . .

"Who prepares arms or aid of any kind, prior
to the commission of an offense, for the purpose
of assisting the principal in the execution of
the same."

"Art. 72. Punishment of accomplice. - - Ac-
complices shall, in all cases not otherwise ex-
pressly provided for, be punished in the same
manner as the principal offender."

From the facts set forth, it seems logical to con-
clude that a person selling the product described to an un-
licensed individual is advising and encouraging him to manu-
facture wine. Such an act of manufacture is a violation of
law and is punishable as a misdemeanor. Art. 666-41, V.P.C.

It seems clear, moreover, that a sale of the pro-
duct under the circumstances above outlined would bring the
seller within the terms of the statutes above quoted defin-
ing an accomplice. In Texas, however, the distinction between
principals and accomplices does not obtain in misdemeanor
cases. It follows, therefore, that if the purchaser makes
wine of the product without a permit, then the seller and the
purchaser could be prosecuted as principals. 12 Tex. Jur.,
p. 326, Sec. 73.

It is our opinion, therefore, that in each instance
where a purchaser manufacturers wine without a permit from
the product described, that both he and the seller may be

Hon. Bert Ford, p. 5


prosecuted as principals for violating the law.

Very truly yours

ATTORNEY GENERAL OF TEXAS


By  /s/

Elbert Hooper
Assistant

EH:db:bb


APPROVED MAY 4, 1944
/s/ G. P. Blackburn
ACTING ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION COMMITTEE
By-O. S., Chairman